IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HUGO R. REGALADO,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | CIVIL NO. 11-1822 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Hugo R. Regalado ("Plaintiff") filed this action to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant"), who denied his application for disability benefits before November 9, 2006, finding that Plaintiff was not disabled prior to that date, but was disabled afterwards. (Docket No. 1).[1] On October 15, 2013, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 39 and 40). On January 17, 2014, Plaintiff filed his memorandum of law (Docket No. 44) and on February 3, 2014, the Commissioner filed its memorandum of law (Docket No. 45). After careful review, the Court AFFIRMS the Administrative Law Judges' ("ALJ") decision, denying disability benefits, and DENIES the petition for Supplemental Security Income as MOOT.[2]

---

[1] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] On June 24, 2013, Plaintiff filed a consent to proceed before a Magistrate Judge. (Docket No. 33). The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff, an electrician's assistant by trade, suffered an accident in 2002, where he hurt his back. Previous to that, he had been injured in 1999, and sustained trauma to his head. Plaintiff continued with complaints of pain and underwent physical therapy in Puerto Rico and later in Florida, and after his accident in 2002, alleges he was unable to return to work permanently. He complained of depression, suicidal thoughts, hearing voices and back pain which rendered him disabled. (Tr. p. 32). Plaintiff met the insured status requirement up to December 31, 2005. (Tr. p. 30).

On November 9, 2006, Plaintiff filed an application for disability benefits with the Social Security Administration with an alleged onset date of disability of August 6, 2002. He also protectively filed a Title XVI application for Supplemental Security Income ("SSI")[3] on that same date. The applications were initially denied, as were the reconsiderations. (Tr. pp. 164-84). Plaintiff then requested an administrative hearing, which was held on March 2, 2009, and where Plaintiff testified regarding his alleged disabilities. (Tr. pp. 46-93). The determination of the presiding ALJ was twofold. First, he found that, since the alleged onset date of 2002, and up to November 9, 2006, Plaintiff did not have an impairment or combination of impairments that could be considered severe under the Listing of Impairments as they appear in 20 CFR Part 404, Subpart P, Appendix 1; 20 CFR

---

[3] SSI is a needs-based program for people with limited income and resources. While Social Security disability benefits are available only to those who have accumulated a sufficient number of work credits and are financed by employer and wage contributions, SSI benefits are available to low income individuals who have either never worked or who haven't earned enough work credits to qualify for Social Security disability benefits, and are instead financed by general fund taxes. Both programs are overseen and managed by the Social Security Administration. See, generally, www.socialsecurity.gov.

404.1520(d) and 416.920(d). (Tr. p. 31). Although he found Plaintiff could not perform any of his other previous jobs, he did find that Plaintiff could perform a limited range of light work, which included simple, repetitive tasks, of which there were a significant number of jobs in the national economy. (Tr. p. 31). Second, the ALJ found that Plaintiff became disabled on November 9, 2006, and after that date, Plaintiff was unable to engage in any kind of substantial work. Therefore, the ALJ found Plaintiff disabled as of that date, and throughout the date of the decision. (Tr. p. 37). However, since the onset of the disability found by the ALJ occurred *after* Plaintiff's last insured date of December 31, 2005, the ALJ determined that Plaintiff was not entitled to disability benefits before that date. Instead, he did determine that Plaintiff was entitled to SSI benefits beginning November 9, 2006, and instructed the component of the Administration responsible for authorizing said benefits to advise Plaintiff regarding the non-disability requirements for those benefits, a request which was denied for other reasons by the Social Security Administration. (Tr. pp. 16, 37-38).

Regarding the denial of disability benefits, Plaintiff appealed the ALJ's determination, and the Appeals Council subsequently denied Plaintiff's request, thus making the ALJ's decision the final decision of the Commissioner, subject to review by this Court. (Tr. pp. 1-3). Plaintiff also requested reconsideration of the denial of SSI benefits in November, 2009. (Tr. p. 16).

Plaintiff objects to the final decision regarding the date of the onset of disability, alleging he was disabled since his accident in 2002 and not 2006. Plaintiff further argues that, should the court find that the ALJ was correct regarding the date of the onset of his

disability, that the Court should grant him SSI benefits from 2006 on. The Commissioner argues the medical evidence and the administrative proceedings met the substantial evidence test that supports the ALJ's determination that Plaintiff was not disabled as alleged before 2006. He further argues that this Court cannot award SSI benefits insofar as that proceeding has not yet been concluded, and Plaintiff has therefore not exhausted administrative remedies.

Noticing the inordinately large amount of time that had passed between Plaintiff's appeal of the denial of his SSI benefits (pending since November, 2009), and because Plaintiff had requested relief on this particular claim, the Court ordered on July 30, 2014 the Commissioner to inform the Court via motion of the status of Plaintiff's reconsideration of the denial of SSI benefits. (Docket No. 46). On August 6, 2014, the Commissioner complied with this Court's order by filing a declaration under penalty of perjury from Bryant Wilder, Acting Assistant Regional Commissioner for Management and Operations Support for Region II of the Administration. Mr. Wilder informed the Court that on June 26, 2014, the Social Security Administration had reversed its original determination, and had awarded Plaintiff SSI benefits from December, 2006 through March, 2010. (Docket No. 50). Mr. Wilder further attested that the Social Security Administration had awarded and sent approximately $10,000.00 in benefits to Plaintiff, and that it still had a pending check of $89.00 to disburse. Since the requested relief has been granted to Plaintiff regarding this issue, the Court DENIES the SSI benefits claim as MOOT.

## STANDARD

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. See, Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Sec'y of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Ortíz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act (the "Act"). See, Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments. See, §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the claimant's residual functional capacity, as well as his/her age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform any other work. §§ 404.1520(f).

In the case at bar, at step 4, the ALJ found that Plaintiff was unable to perform his past work as an electrician's assistant. (Tr. p. 35). At step 5, before the onset date of November 6, 2009, the ALJ determined that considering Plaintiff's age, education, work experience and both physical and mental residual functional capacity, he could perform other jobs that existed in significant numbers in the national economy, primarily that of a small products assembler, a product inspector and a line inspector, and that he was therefore not disabled. (Tr. pp. 36-37). After that date, and after the coverage period expired, the ALJ concluded that Plaintiff was disabled and has continued to be so, and was consequently eligible for SSI benefits. (Tr. p. 37).

It is important to note that courts must give deference to the ALJ's interpretation of the medical record and, although an ALJ is not at liberty to ignore medical evidence or substitute his/her own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is for the ALJ and not this Court to resolve them. See, Nguyen v. Chater, 172 F.3d 31; Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the

doctors or for the courts); see also Rodríguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

## LEGAL ANALYSIS

After a thorough review, the Court finds the ALJ's conclusion of "not disabled" is easily supported by the scant evidence on the record prior to the 2006 disability date he established. Before that, the record contains evidence of a high resolution spine CT performed in November, 2002, which showed an L43-L5 non-focal disc annular bulge, with normal interspaces and joint facets. (Tr. p. 121). A neurological evaluation performed in October, 2002, shows Plaintiff was complaining, had lower back pain and lower left extremity numbness *sporadically*, showed sacroilitis and lumbar spondyloarthrosis, but presented no evidence of radiculopathy at L-5. (Emphasis added) (Tr. p. 126). Therapy and treatments through the State Insurance Fund from May 2001 through September 2003 showed conservative treatment for back pain with therapy and medications. ( Tr. p. 114-163). An MRI performed in July, 2003 showed a degenerated disc and a bulging annulus fibrous at L4-L5, without any evidence of herniation and showing an otherwise normal spine. (Tr. p. 116).

Plaintiff alleged at his hearing that he could sit for no more than one hour and that his pain was severe. After September, 2003 however, until the determined onset date of November, 2006, the record is completely devoid of any further treatment, a fact that did not go unnoticed by the ALJ and on which he primarily based his finding of "not disabled". (Tr. p. 33).

Regarding the mental component, the record is also devoid of any other evidence to sustain disability prior to the 2006 alleged onset date. Plaintiff testified before the ALJ that he was depressed and forgetful, that he heard voices, and that he had memory problems. (Tr. p. 32). The ALJ, however, had the opportunity to observe Plaintiff first hand at the hearing, and is in a better position, having personally observed his demeanor, to opine on the credibility of his testimony and his alleged ailments during the time before the onset of the disability, particularly when there is no medical evidence in the record to sustain the allegations. See, Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (holding that an ALJ's credibility determinations must be upheld so long as they are in the zone of reasonable choices); Wilson v. Barnhart, 87 Fed.Appx. 689 (10th Cir. 2004) (ALJ's personal observations of plaintiff at the hearing were entitled to some weight in the overall credibility assessment); Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997)("…we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying").

The ALJ found Plaintiff's claims of both physical and mental disability credible, but not to the degree alleged. Regarding Plaintiff's physical capacity, he gave considerable weight to Plaintiff's own testimony, as there were no Residual Functional Capacity assessments performed during this time period (Tr. p 33).

Based on the foregoing, the Court finds that the ALJ's conclusion that Plaintiff was not disabled and could perform a limited range of light work, and limited to only simple and repetitive tasks before November, 2006 is bolstered by substantial evidence, as limited

as it is. Since Plaintiff's cutoff date for benefits was December 31, 2005, the ALJ correctly found Plaintiff was not entitled to Social Security disability benefits before that time period.

Unfortunately for Plaintiff, most of the evaluations that were performed fall outside the cutoff period, and thus, are not relevant to establishing disability before that date. The closest evaluations which were performed were done so *over a year after the cutoff date*, in March of 2007, and even then, they both found the same thing: that Plaintiff could occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds, that he could stand and/or walk and sit about 6 hours of an 8 hour workday and could push and pull unlimitedly. (Tr. pp. 381 and 428). With these facts, the undersigned cannot conclude that Plaintiff was disabled.

Regarding the issue of the ALJ's determination of Plaintiff's post-November 2006 disability determination, the Court does not reach it, insofar as it finds that the ALJ's findings denying benefits were adequately supported by the evidence during the relevant period and up to the cutoff date of December, 2005, and considering the fact that SSI benefits were awarded.

In view of the analysis above, the Court finds that the decision of the Commissioner is supported by substantial evidence in the record as a whole, as it pertains to Plaintiff's mental and physical functional capacity before the November 2006 disability onset date.

## CONCLUSION

For the aforementioned reasons, this United States Magistrate Judge finds there is substantial evidence on the record in support of the Commissioner's decision. As such, the Commissioner's decision is AFFIRMED. Regarding the issue of the SSI benefits, it is DENIED AS MOOT.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 7th day of August of 2014.

                                                    S/CAMILLE L. VELEZ-RIVE
                                                    CAMILLE L. VELEZ RIVE
                                                    UNITED STATES MAGISTRATE JUDGE